UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS DUNN, | No. C-10-5012 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| MICHAEL J. ASTRUE, | |
| Defendant. | |
| _____/ | **(Docket Nos. 19, 26)** |

In September 2006, Plaintiff Demetrius Dunn protectively filed an application for supplemental security income ("SSI"). During administrative proceedings, her claim was denied. This Court has jurisdiction to review the administrative decision pursuant to 42 U.S.C. § 405(g). Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** the Commissioner's motion for summary judgment and **DENIES** Ms. Dunn's.

## I. FACTUAL & PROCEDURAL BACKGROUND

In September 2006, Ms. Dunn protectively filed an application for SSI, alleging disability as of February 1, 2006. *See* AR 128 (application). Ms. Dunn's application was initially denied in January 2007, *see* AR 82 (notice), and again on reconsideration in December 2007. *See* AR 89 (notice). Ms. Dunn then sought an administrative hearing before an administrative law judge ("ALJ"). *See* AR 96 (request). A hearing was held before ALJ Richard P. Laverdure on June 16, 2009. *See* AR 33 *et seq* (hearing transcript). At the hearing, Ms. Dunn amended the alleged onset

date to be consistent with the date that she protectively filed her application for SSI. *See* AR 36-37 (hearing transcript).

On September 17, 2009, the ALJ held that Ms. Dunn was not disabled under the Social Security Act. *See* AR 7-14 (ALJ decision). The ALJ evaluated Ms. Dunn's claim of disability using the five-step sequential evaluation process for disability required under the federal regulation. *See* 20 C.F.R. § 416.920.

> Step one disqualifies claimants who are engaged in substantial gainful activity from being considered disabled under the regulations. Step two disqualifies those claimants who do not have one or more severe impairments that significantly limit their physical or mental ability to conduct basic work activities. Step three automatically labels as disabled those claimants whose impairment or impairments meet the duration requirement and are listed or equal to those listed in a given appendix. Benefits are awarded at step three if claimants are disabled. Step four disqualifies those remaining claimants whose impairments do not prevent them from doing past relevant work considering the claimant's age, education, and work experience together with the claimant's residual functional capacity ("RFC"), or what the claimant can do despite impairments. Step five disqualifies those claimants whose impairments do not prevent them from doing other work, but at this last step the burden of proof shifts from the claimant to the government. Claimants not disqualified by step five are eligible for benefits.

*Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003).

At step one, the ALJ stated there was no evidence indicating that Ms. Dunn had engaged in substantial gainful activity since the application date. *See* AR 9 (ALJ decision). At step two, the ALJ concluded that Ms. Dunn had the following severe impairments: chronic renal insufficiency; hypertension; anemia secondary to chronic renal disease; and Hepatitis C. *See* AR 9. These impairments, however, did not meet or medically equal one of the listed impairments in the appendix (*i.e.*, step three). At step four, the ALJ held that Ms. Dunn had the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a),[1] *see* AR

---

[1] Section 416.967(a) provides:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

10, but because Ms. Dunn had no past relevant work, transferability of job skills was not an issue. *See* AR 13. Finally, at step five, the ALJ concluded that, given Ms. Dunn's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could perform. *See* AR 13. Accordingly, the ALJ found that Ms. Dunn was not disabled since September 2006, the date that her application for SSI was filed. *See* AR 14.

After the ALJ issued his decision, Ms. Dunn sought appellate agency review, but her request for review was denied by the Appeals Council. *See* AR 1 (notice). This petition ensued.

## II. DISCUSSION

As the Ninth Circuit has explained, a court

> may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. A court review[s] the administrative record as a whole to determine whether substantial evidence supports the ALJ's decision. . . . [W]here the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed.

*Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In the instant case, Ms. Nelson argues that the ALJ's decision was erroneous for one reason only – *i.e.*, because the ALJ erred in rejecting her credibility.

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." . . .
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

---

20 C.F.R. § 416.967(a).

3

In the instant case, the ALJ found, at the first step, that Ms. Dunn's "medically determinable impairments could reasonably be expected to cause some alleged symptoms." AR 11 (ALJ decision). But, at the second step, the ALJ determined that Ms. Dunn was only partially credible – more specifically, that her "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not credible to the extent they [were] inconsistent with the . . . residual functional capacity assessment." AR 11 (ALJ decision). According to the ALJ, the objective medical evidence indicated Ms. Dunn was able to do sedentary work; Ms. Dunn's daily activities were not inconsistent with sedentary work; and Mr. Dunn's lack of any work history suggested her inability to work was not due to her medical condition. The ALJ also found Ms. Dunn's use of marijuana problematic because (1) she failed to report that use to her doctors (*i.e.*, she was not truthful with her doctors) and (2) she claimed use was necessary because of nausea but nausea was not a symptom she had reported to her doctors for several months (*i.e.*, she was not truthful with the ALJ).

Ms. Dunn's most persuasive argument is that the ALJ was not justified in finding her daily activities consistent with sedentary work. "[D]aily activities may be grounds for an adverse credibility finding 'if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting.'" *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). In the instant case, it is not clear that Ms. Dunn's daily activities – *e.g.*, cooking, washing dishes, reading, and watching television – necessarily involved the performance of physical functions transferable to a work setting. *See Saunders v. Astrue*, 433 Fed. Appx. 531, 533 (9th Cir. 2011) (noting that "[w]e have held consistently that, activities such as light household chores, cooking meals, and grocery shopping are activities that do not necessarily translate to the work environment"); *De Guzman v. Astrue*, 343 Fed. Appx. 201, 209 (9th Cir. 2009) (stating that "[m]ost of the activities [the claimant] described – reading, watching television, visiting friends and family, and riding on public transportation – were 'so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace,' and therefore were not a proper basis for discrediting [the claimant]"). For example, in a function report, Ms. Dunn indicated that her cooking was quite limited, consisting of preparing sandwiches, frozen food, or Top Ramen.

4

*See* AR 166 (function report); *see also Saunders*, 433 Fed. Appx. at 533 (stating that "[t]he ALJ's assertions about [the claimant's] daily activities considerably exaggerate the evidence in the record" because "[the claimant's] activities were limited[;] [f]or example, his cooking was limited to making sandwiches or heating up frozen food one to three times per week"). Similarly, at the hearing before the ALJ, Ms. Dunn indicated that her dishwashing was limited in nature, consisting of filling up the dishwasher. *See* AR 60 (hearing transcript). As for the time spent in bed reading or watching television, that appears to have been done lying down and not sitting, which would not be a possible option for sedentary work. *See* AR 60 (hearing transcript).

The problem for Ms. Dunn is that, even if the Court were to discount the ALJ's conclusions regarding her daily activities, the ALJ's other reasons supporting the adverse credibility finding are valid, and the Court finds that these valid reasons constitute substantial evidence justifying the ultimate adverse credibility determination. In other words, any error by the ALJ was harmless. *See Carmickle v. Commissioner of SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008) (stating that, "[s]o long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal").

First and foremost, Ms. Dunn makes no attempt to challenge the objective medical evidence cited by the ALJ in support of his adverse credibility finding. While "subjective pain testimony cannot be rejected on the *sole* ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2007) (emphasis added); *see also* 20 C.F.R. § 416.929(c)(1)-(2) (providing that, "[w]hen the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms" and, "[i]n evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including . . . the signs and laboratory findings, and statements from . . . your treating or nontreating source"). Notably, the ALJ pointed to a consultative medical examination in which the doctor concluded that Ms. Dunn's physical condition was essentially normal – *e.g.*, a full

1  range of motion in the back, *see* AR 448 (Sharma report), which contradicted Ms. Dunn's claim that
2  she could not sit for six hours in an eight-hour day because of her back. *See* AR 68 (hearing
3  transcript).

4  Second, the ALJ fairly cited Ms. Dunn's lack of any work history as a factor weighing
5  against her credibility. The Ninth Circuit has specifically stated that a claimant's work record is a
6  factor that may be considered when a court weighs the claimant's credibility. *See Thomas v.*
7  *Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Thus, in *Thomas*, the Ninth Circuit concluded that the
8  ALJ gave specific, clear, and convincing reasons for discounting the claimant's testimony where,
9  among other things, the claimant "had an 'extremely poor work history' and 'has shown little
10 propensity to work in her lifetime.'" *Id.* In her papers, Ms. Dunn admits that "[a] poor work record
11 may negatively affect a claimant's credibility." Reply at 4. Her only response is that, "since she
12 was only 34 years old at the time of the application, [she] could not likely have had a significant
13 work history." Reply at 4. This argument has little merit. Ms. Dunn easily could have started
14 accumulating a work history in her early twenties at least (if not at the age of eighteen). More
15 important, the fact remains that Ms. Dunn has never had *any* job.

16 Finally, contrary to what Ms. Dunn argues, it is sufficiently clear from the ALJ's decision
17 why he found her use of marijuana problematic – *i.e.*, because she concealed that use from her
18 doctors and because she claimed use was necessary due to her nausea but the record reflected that
19 she had not complained of that symptom for several months. *See Tommasetti v. Astrue*, 533 F.3d
20 1035, 1039 (9th Cir. 2008) (stating that, when weighing a claimant's credibility, an ALJ may
21 consider, *e.g.*, "ordinary techniques of credibility evaluation, such as the claimant's reputation for
22 lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant
23 that appears less than candid"); *Thomas*, 278 F.3d at 958-59 (stating that, when weighing a
24 claimant's credibility, an ALJ may consider, *e.g.*, inconsistencies in the claimant's testimony or
25 between the claimant's testimony and her conduct).

26 In sum, based on the above specific, clear, and convincing reasons provided by the ALJ,
27 there was substantial evidence to support the ALJ's conclusions on credibility. As noted above,
28 substantial evidence is not the same as preponderance of the evidence; rather, it is simply "relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. . . . [W]here the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted). The Court thus affirms the ALJ's decision to deny Ms. Dunn's application for SSI.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's motion for summary judgment is granted, and Ms. Dunn's denied. The Clerk of the Court is directed to enter judgment consistent with this opinion and close the file in this case.

This order disposes of Docket Nos. 19 and 26.

IT IS SO ORDERED.

Dated: December 15, 2011

_____
EDWARD M. CHEN
United States District Judge